IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

HUGH L. RILEY, Register No. 1104541,   )
                                        )
              Plaintiff,                )
                                        )
       v.                               )   No. 07-4027-CV-C-SOW
                                        )
LARRY CRAWFORD, et al.,                 )
                                        )
              Defendants.               )

**REPORT, RECOMMENDATION AND ORDER**

Plaintiff Hugh Riley was granted leave to proceed in forma pauperis on May 1, 2007.[1] He requested, on April 2, 2007, an order from the court hiring an investigator on plaintiff's behalf "to investigate the ongoing mistreatment that the defendants are practicing on plaintiff, in order for this court to determine its course of action in responding to plaintiff's motion for injunction; or that this court give order, ordering that plaintiff be transferred to another max facility until the outcome of the above mentioned actions." (Doc. 7 at 7-8.) In his motion, plaintiff asserts he is being denied access to legal materials and assistance to help him prosecute four of his civil cases.

As an initial matter, the court does not have funds to hire investigators to assist parties with their lawsuits in civil actions. Plaintiff will have to obtain the evidence he needs through the appropriate discovery procedures set forth in the Federal Rules of Civil Procedure. If defendants fail to provide discovery responses, after plaintiff has used the appropriate methods and attempted to resolve the issue without court intervention, then plaintiff may file a motion to compel discovery. Plaintiff should review the Federal Rules of Civil and Procedure and the Local Rules for the United States District Court for the Western District of Missouri. A copy should be available in the prison law library.

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

To the extent plaintiff is requesting transfer to another institution pending the outcome of this lawsuit, plaintiff's motion is recommended denied.

Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, Holt v. Sarver, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. American Home Investment Co. v. Bedel, 525 F.2d 1022, 1023 (8th Cir. 1975), cited with approval in Rittmiller v. Blex Oil, Inc., 624 F.2d 857 (8th Cir. 1980). See also Cole v. Benson, 760 F.2d 226 (8th Cir. 1985). In Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

Id. at 113. Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting Holiday Inns of America, Inc. v. B. & B. Corp., 409 F.2d 614, 618 (3d Cir. 1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Dataphase, 640 F.2d at 113. The burden of proof is on the party seeking injunctive relief. United States v. Dorgan, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994).

Here, the court does not find preliminary injunctive relief to be necessary, under the facts alleged, to preserve the status quo until the merits are determined. Plaintiff has not set forth facts indicating he is in immediate danger or will suffer irreparable damage if he is not transferred to another institution. He has been able to obtain sufficient writing materials to contact the court. Likewise, his challenge to a conduct violation for masturbation is not relevant to this lawsuit unless he can ultimately show it was retaliatory, and that it was based on permissible conduct

under prison rules. In other words, he cannot show retaliation if the discipline was for conduct he was not entitled to perform under prison rules. "Any other rule would allow a prisoner to openly flout prison rules after filing a grievance" or lawsuit. Orebaugh v. Caspari, 910 F.2d 526, 528 (8th Cir. 1990). See also Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994). Furthermore, a plaintiff must prove that retaliation was "*the actual motivating factor*" for the discipline. Goff v. Burton, 7 F.3d 734 (8th Cir. 1993).

Accordingly, it is

ORDERED that plaintiff's motion of April 2, 2007, for the court to appoint an investigator to assist him with this lawsuit is denied. [7] It is also

RECOMMENDED that plaintiff's alternate request of April 2, 2007, for a transfer to another institution be denied. [7]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 20th day of June, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge