# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| HUGH L. RILEY, Register No. 1104541, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-4027-CV-C-SOW |
| ) | |
| LARRY CRAWFORD, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Hugh Riley, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

This suit was filed on February 1, 2007, and leave to proceed in forma pauperis was granted on May 1, 2007. Thereafter, defendants Crawford, Dormire, Wood, Galloway, Reed, Williams and Lohmeyer filed a motion to dismiss. Defendants assert plaintiff failed to exhaust his administrative remedies, failed to comply with the court's order to pay the initial portion of the filing fee, failed to allege personal involvement by the defendants in the events giving rise to this lawsuit and failed to state a claim for which relief can be granted. Further, they assert they are entitled to Eleventh Amendment immunity and are not persons subject to suit under 42 U.S.C. § 1983 when sued in their official capacities.

Plaintiff did not timely respond to the motion, and on August 14, 2007, a show cause order was issued. In response to the show cause order, plaintiff stated he did not receive defendants' motion to dismiss. Plaintiff asserted that his mail has been tampered with and corrections officials were attempting to block or frustrate his attempt to prosecute his case. In reply, defendants advised the court that a second copy of the motion was sent to plaintiff by mail on September 13, 2007.

It has now been more than thirty days since the second copy of the motion was mailed to plaintiff, and plaintiff has not filed a response to the merits of the motion. Thus, the court will address the issues, which except for the issue of exhaustion, rest on purely legal rather than factual matters.

In his complaint, plaintiff asserts he was denied use of his wheelchair, denied outside recreation, denied a safe shower, and was forced to strip in front of female officers and inmate homosexuals who were whistling at him. Plaintiff claims these actions were taken in retaliation for his taking legal action against corrections personnel.

Defendants Crawford, Dormire, Galloway, Lohmeyer and Woods are named, but plaintiff has alleged no facts showing their personal involvement in any of the incidents about which he complains. Defendant Crawford is the Director of the Missouri Department of Corrections. Defendants Dormire, Galloway and Woods are, respectively, Superintendent, Assistant Superintendent, and Associate Superintendent of the institution. These individuals appear to have been named because of their supervisory roles and not because of their personal involvement.

A supervisor cannot be held liable under section 1983 for an employee's unconstitutional actions. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995); Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993); Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990). Instead, a supervisor can be held liable only for personal involvement in a constitutional violation, or when his or her corrective inaction amounts to deliberate indifference or tacit authorization of the violation. Boyd, 47 F.3d at 968; Fruit v. Norris, 905 F.2d 1147, 1151 (8th Cir. 1990). In the absence of factual allegations showing personal involvement, deliberate indifference to known problems, or tacit authorization of violations, the supervisory officials are entitled to dismissal.

Defendant Lohmeyer is a corrections officer, but plaintiff has not alleged facts showing his personal involvement in the alleged constitutional violations. Thus, the claims against him should also be dismissed.

Plaintiff's complaint fails to allege whether he is suing defendants in their individual or official capacities, but to the extent the moving defendants have been sued in their official capacities, they are entitled to judgment. Based on the Eleventh Amendment, damages are not recoverable against the State of Missouri or state officials acting in their official capacities. Nix

2

v. Norman, 879 F.2d 429, 432-33 (8th Cir. 1989).  Further, section 1983 of Title 42, United States Code, is directed to persons acting under color of state law, not individual states or state officials acting in their official capacities.  Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).

       Defendants state plaintiff has failed to state a claim against them for which relief can be granted.  In his complaint, plaintiff does not allege that the moving defendants knew of his litigation, acted because of his litigation, or were otherwise actually involved in any retaliatory conduct.  Without factual allegations from plaintiff of personal involvement or retaliatory intent, these defendants are entitled to dismissal.

       Defendants also assert plaintiff failed to exhaust his administrative remedies.  Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Exhaustion of all administrative remedies as set forth by the Missouri Department of Corrections Offender Grievance Procedures must be completed prior to a prisoner filing suit. See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit).  When multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all claims on which a prisoner is seeking relief.  Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam).  Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such steps properly.  Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies).  A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court.  Id.

       Defendants have not submitted any evidence to support their assertion that plaintiff had access to the grievance procedure and failed to exhaust.  Plaintiff, however, acknowledged in his complaint that he had not done so.  He stated he had not exhausted because he was restricted in the number of grievances he could obtain and file, and was generally allowed only one form per

3

week on which he could grieve one issue.  Plaintiff did not state, however, that he had filed a grievance for any retaliatory issue in this lawsuit or that he had grieved more serious issues during the fifteen-day period he was permitted relative to the incidents involved in this case.

At the time plaintiff filed his complaint, he stated he had not showered in four and one-half months.  In that period of time, he should have been able to grieve the issue and to claim he had been denied a shower in retaliation for his legal work.  Likewise, his need for a wheelchair and the denial of outside recreation were not isolated incidents for which a strict fifteen-day deadline for filing a grievance would be imposed.  The stripping incident may have been isolated or fixed in time, but plaintiff did not indicate he was unable to obtain a grievance form related to that incident within the required deadlines.

The court is concerned that access to the grievance procedure might be hampered and that legitimate complaints might go without an adequate remedy.  Nevertheless, prison officials have the right to impose guidelines and restrictions to protect the procedures from those who seriously abuse them.  The facts of this case, however, suggest plaintiff is complaining about conduct that occurred over a period of months, and the court is not convinced plaintiff could not have obtained the forms and exhausted his administrative remedies over the course of that continuing conduct.  Accordingly, dismissal is appropriate for plaintiff's failure to exhaust his administrative remedies.

Finally, defendants seek dismissal for plaintiff's failure to comply with court orders.  On May 1, 2007, plaintiff was directed to make an initial payment of $3.70 toward the filing fee.  Plaintiff was advised that failure to comply with the court order could result in dismissal, pursuant to Fed. R. Civ. P. 41(b).  As stated in M.S. v. Wermers, 557 F.2d 170, 175 (8th Cir. 1977):

> A district court has power to dismiss an action for failure of the plaintiff to comply with 'any order of court.'  Fed. R. Civ. P. 41(b).  Such action may be taken on the court's own motion, Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95, 96 (8th Cir. 1971); see Stanley v. Continental Oil Co., 536 F.2d 914, 916-17 (10th Cir. 1976), and may be exercised under the court's inherent power to control its docket, Pond v. Braniff Airways, Inc., 453 F.2d 347, 349 (5th Cir. 1972); see also Link v. Wabash R.R. Co., 370 U.S. 626, 629-33 (1962), and to protect the integrity of its orders, Fendler v. Westgate-California Corp., 527 F.2d 1168, 1170 (9th Cir. 1975).  See generally 15 A.L.R. Fed. 407 (1973).

4

A review of the record indicates plaintiff has not paid the initial portion of the filing fee.

IT IS, THEREFORE, RECOMMENDED that plaintiff's claims be dismissed for failure to comply with court orders, pursuant to the provisions of Fed. R. Civ. P. 41(b). It is further

RECOMMENDED that plaintiff's claims be dismissed for failure to exhaust his administrative remedies, pursuant to 42 U.S.C. § 1997(e). It is further

RECOMMENDED that defendants' motion of July 2, 2007, be granted and plaintiff's claims against defendants Crawford, Dormire, Wood, Galloway, Reed, Williams and Lohmeyer be dismissed for the reasons set forth in the body of this recommendation.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 23rd day of October, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge